UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TREVIS THOMPSON (#B84206), ) | |
| ) | Case No. 20-cv-1191 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On May 11, 2022, plaintiff Trevis Thompson filed a second amended complaint alleging defendants Wexford Health Sources, Inc. and certain Wexford employees, along with Illinois Department of Corrections ("IDOC") employees, were deliberately indifferent to his serious medical needs violating the Eighth Amendment, among other claims. Before the Court is the Wexford defendants' motion for partial summary judgment under Federal Rule of Civil Procedure 56(a) based on Thompson's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). For the following reasons, the Court grants the Wexford defendants' motion and dismisses Thompson's claims in Counts I and II with prejudice.

**Background**

During the relevant time period, Thompson was an IDOC inmate at Stateville Correctional Center. At that time, IDOC had contracted with Wexford to provide medical services to IDOC inmates. Thompson alleges Wexford and its employees at Stateville were deliberately indifferent to his serious medical needs, which included severe pain in his groin and hip area caused by an epididymal cyst and femoroacetabular impingement. Thompson also alleges that he began

experiencing severe hip and groin pain at the end of 2011 and that on January 10, 2020, he had surgery for his right hip.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Lovelace v. Gibson,* 21 F.4th 481, 483 (7th Cir. 2021). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

In their motion, the Wexford defendants argue Thompson has failed to exhaust his available administrative remedies in relation to his deliberate indifference claim, which is an affirmative defense that defendants must prove. *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022); 42 U.S.C. § 1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (emphasis in original). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.*

Illinois has a three-step administrative grievance process for prisoners. *See Reid v. Balota*, 962 F.3d 325, 327 (7th Cir. 2020). An "inmate begins the process by submitting a written grievance to

2

his institutional counselor within 60 days of the incident or problem in question." *Chambers*, 956 F.3d at 983. If the problem is not resolved at step one, the inmate then files a written grievance with a prison grievance officer. *See Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). "If the grievance officer denies the grievance and the chief administrative officer (normally the warden) affirms that decision, then the inmate must move to step three, which is an appeal to the IDOC's director, who relies on the review and recommendations of the ARB [Administrative Review Board]." *Id.* at 831–32. The Seventh Circuit takes "a strict compliance approach to exhaustion." *Crouch*, 27 F.4th at 1320 (citation omitted).

Thompson filed several grievances in relation to his hip and groin pain. First, on January 7, 2019, he filed a grievance on the official DOC 0046 form entitled "Offender's Grievance." In this grievance, he discussed his hip and groin pain that started in 2011 and his treatment over the eight-year time period, including his interactions with defendants Drs. Saleh Obaisi, Christian Okezie, and Marlene Henze, current and former medical directors at Stateville, as well as Stateville physician's assistant defendant La Tanya Williams. Thompson's correctional counselor signed the grievance form on January 11, 2019 stating that a "copy of your grievance has been forwarded to the HCU by the Grievance Office for review and response by the Medical staff." Thereafter, a Stateville grievance officer responded to Thompson's grievance on January 24, 2020 stating: "Based on a total review of all available information, the grievance is determined to be moot as it appears grievant received and is receiving medical care." On February 11, 2020, the chief administrative officer, Stateville's Warden David Gomez, concurred with the grievance officer's finding. Thompson then signed the warden's response on March 6, 2020, indicating that he was appealing the grievance officer's and warden's findings to the director of the ARB. On August 25, 2020, the ARB issued a finding concluding that Thompson's January 2019 grievance was untimely under the Illinois Administrative Code, 20 Ill. Admin. Code § 504.810(a).

Next, while his first grievance was pending, on July 1, 2019, Thompson filed an emergency grievance requesting a response to his January 2019 grievance. In the July 2019 grievance, Thompson outlined the steps he had taken to follow-up on his grievance. On July 15, 2019, the chief administrative officer determined that that Thompson's grievance was not an emergency and instructed Thompson to submit his grievance in the normal manner.

Similarly, Thompson filed another grievance on August 30, 2019, stating that he had filed a grievance in January 2019 about his hip and groin pain and that "[n]othing is being done about it." Thompson sent his August 2019 grievance directly to the ARB. The ARB responded on September 6, 2019, concluding that it required additional information to address the appeal and directed Thompson to contact his correctional counselor for the status of his January 2019 grievance.

Because Thompson's July and August 2019 grievances were follow-up grievances concerning the status of his January 2019 grievance, the Court will not consider them as separate grievances. *See Martinez-Lopez v. Wurth*, No. 17 C 7301, 2020 WL 1530742, at *5 (N.D. Ill. Mar. 31, 2020)(Pallmeyer, J.) ("the CCDOC procedural rules require detainees to appeal grievances in order to exhaust their administrative remedies; filing multiple grievances on the same issue does not satisfy that requirement."). Put differently, to "exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

Turning to whether Thompson properly exhausted his deliberate indifference claim in his January 2019 grievance, when there is a procedural shortcoming, such as failing to follow the Illinois Administrative Code's time deadlines, the procedural shortcoming amounts to a failure to exhaust if the prison administrators relied on that procedural reason. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *Boyd v. Pfister*, No. 18 C 3275, 2020 WL 6381367, at *8 (N.D. Ill. Oct. 30, 2020) (Seeger, J.). There is no doubt that the ARB concluded Thompson's January 2019 grievance was untimely under the Illinois Administrative Code, *see* 20 Ill. Admin. Code § 504.810(a), and that the

4

ARB relied upon this procedural shortcoming and did not turn to the merits. Therefore, Thompson has failed to exhaust his administrative remedies as to his deliberate indifference claim.

On a final note, Thompson wrote letters about his groin and hip pain to Wexford medical personnel, including a September 29, 2015 letter to physician's assistant Williams, January 18, 2016 and March 23, 2017 letters to Dr. Obaisi, a March 8, 2018 letter to Dr. Okezie, and a September 29, 2018 letter to Dr. Henze. He also wrote letters to Stateville's warden. The Seventh Circuit takes a "strict compliance approach to exhaustion" under the PLRA, which requires that the inmate to "take each of the steps prescribed by the state's administrative rules governing prison grievances." *Chambers*, 956 F.3d at 983. As such, Thompson's letters have no relevance to the Court's exhaustion inquiry because the Illinois Administrative Code requires inmates to file their grievances on official offender forms (DOC 0046) and to follow the procedures set forth by the Illinois Administrative Code. *See Williams*, 957 F.3d at 831. In sum, "sending a letter to a prison official is not sufficient to comply with the IDOC's grievance procedures." *Williams v. Baldwin*, 239 F.Supp.3d 1084, 1090 (N.D. Ill. 2017) (Kapala, J.).

**Conclusion**

The Court grants the Wexford defendants' motion for partial summary judgment and dismisses Thompson's claims in Counts I and II of his second amended complaint with prejudice [106]. The remaining claims in this lawsuit include Thompson's excessive force claim against an IDOC officer in Count III and his state law intentional infliction of emotional distress claim against all defendants in Count IV.

IT IS SO ORDERED.

Date: 9/12/2022

Entered: /s/ Sharon Johnson Coleman
SHARON JOHNSON COLEMAN
United States District Judge